SullivaN, J.
Scire facias on the transcript oí a justice’s judgment to sell real estate. The scire facias recited, substantially, that Hardy and Layman on, &c., obtained a judgment before a justice of the peace against Orput, the plaintiff in *490 error, and one James Swim for the sum of $69.15, with costs. &e.; that an execution against the goods and chattels of the defendants had been issued by the justice and returned nulla bóna; and that a transcript, &e., had been filed in the Circuit Court; that afterwards a soi. fa. had issued from the Wayne Circuit Court on said ^transcript against the defendants, which was returned “not found” as to Orput. The writ then commanded the sheriff to summon said Orput to appear and show cause, &c. At a subsequent term, the plaintiffs asked and obtained leave to amend the sai. fa. so as to show that on the previous writ there was a return of scire feci as to Swim, and to amend further by inserting the following words, viz., “And afterwards, to wit, on the-judicial day of the March term, 1842, of the Wayne Circuit Court, on a suggestion of “not found” as to said Orput, a judgment was rendered against said Swim on the said scire facias.” The defendant thereupon moved the Court to continue the cause, which motion was refused. He then pleaded, 1, Payment; 2, Nul tiel record; 3, No such execution, &c. There was also a fourth plea, which was abandoned by the defendant. Replications to the pleas; demurrer to the replication to the third plea correctly overruled. The cause was then submitted to the Court for trial, and judgment for the plaintiffs.
It is manifest that the scire facias, without the amendment, was substantially defective. It showed a demand against two, jointly liable, and the proceeding was against one only. It omitted to show such a return as to Swim, or that such proceedings were had against him, as to authorize this further proceeding against Orput. R. S., 1838, p. 446. Without tire amendment, therefore, the scire facias would have been bad on demurrer or writ of error. A scire facias in this proceeding is in the nature of a declaration, and where a declaration is amended in matter of substance, the defendant, if he claim it, is entitled to a continuance.
On the trial of the issue, the plaintiffs offered in evidence a transcript of a judgment from the justice’s docket for “$60.44, with the interest that, had accrued and costs.” The defendant *491 objected to the evidence, but the.Court received it, and the defendant excepted. We find by calculation, that the amount of the judgment in the transcript is accurately computed in the scire facias. The variance is in words only and not in substance, and the Court therefore did not err in admitting the testimony. But as the Court erred in refusing to continue the cause, the judgment must be reversed.
J. B. Julian and J. S. Newman, for the plaintiff.-
G. H. Test, for the defendants.
*Fer Guriam.—The judgment is reversed with costs. Cause remanded, &c.